IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCELL STOKES,

                Petitioner,

vs.                                   Case No. 15-cv-967-DRH

KIMBERLY BUTLER,

                Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner Marcell Stokes is currently incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Stokes has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 state convictions for first-degree murder and attempted armed robbery in the Cook County Circuit Court in Chicago, Illinois. (*Id.*) Stokes alleges that his convictions were improper because of jury selection errors, a lack of evidence, and inadequate counsel. (*Id.* at 12-30.)

This matter is now before the Court for a preliminary review of Stokes's habeas petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## **Background**

In 1998, Stokes was charged and convicted of first-degree murder and attempted armed robbery in connection with the death of Shaun Garrett. (Doc. 1 at 1.)  He was sentenced to thirty-five years in prison. (*Id.*)  Stokes appealed his convictions to the Appellate Court of Illinois, arguing racial discrimination in jury selection, ineffective assistance of trial counsel, and prosecutorial misconduct. (*See id.* at 2.)  The appellate court remanded the case back to the circuit court for a *Batson*-related hearing, and left Stokes's remaining arguments unresolved pending the outcome of the hearing in the trial court. (*Id.*)  The trial court held a hearing but Stokes seemingly did not prevail, and the appellate court upheld Stokes's convictions on March 31, 2010. (*Id.*)  Stokes's petition for rehearing was denied on April 15, 2010, and the Supreme Court of Illinois declined leave to appeal on September 29, 2010. (*Id.*)

On December 21, 2010, Stokes filed a state post-conviction petition, claiming that his convictions were the product of insufficient evidence and that his trial counsel was ineffective. (*Id.* at 3.)  The trial court denied the petition on August 10, 2012.  (*Id.*) Stokes appealed, and his appointed counsel on appeal seemingly failed to raise some of the arguments that Stokes raised in his state post-conviction petition. (*See id.* at 3 & 6.)  Stokes's post-conviction appeal was denied on December 2, 2014, and the Supreme Court of Illinois declined to hear his case on March 25, 2014.  (*Id.* at 3.)

On August 31, 2015, Stokes filed a petition in this Court.  (*Id.* at 1.)

## Discussion

While Stokes's federal petition is a bit difficult to follow, he seemingly raises three grounds of error:  he says that the trial judge did not focus on the appropriate inquiry during the *Batson* hearing on remand; that there was insufficient evidence to support his guilt; and that his post-conviction counsel was inadequate because counsel failed to appeal some of the bases of error that Stokes brought in his trial court post-conviction petition.  (*Id.* at 6.)  While there are some potential pitfalls to Stokes's petition, there is insufficient information before the Court at this time upon which to conclude that dismissal at the preliminary stage is appropriate.  Accordingly, Respondent will be required to answer the petition or otherwise file a responsive pleading.

## Disposition

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Respondent shall answer the petition within thirty days of the date this order is entered (on or before October 21, 2015).[1]  This order to respond does not preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois shall constitute sufficient service.

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Signed this 21st day of September, 2015

Digitally signed by David R. Herndon
Date: 2015.09.21 13:56:27 -05'00'

_____
**Judge David R. Herndon**
**United States District Judge**