IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARCELL STOKES,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Civil No.  15-cv-967-DRH-CJP |
| | ) |
| **KIMBERLY BUTLER,** | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

In 2004, a jury in Cook County, Illinois, convicted Marcell Stokes of first degree murder and attempted armed robbery. He was sentenced to 35 years imprisonment. Stokes filed a petition for habeas relief pursuant to 28 U.S.C. §2254, Doc. 1.

Now before the Court are petitioner's Motions to Amend, Docs. 13 & 14.

The petition asserts the following grounds for habeas relief:

1. The trial judge did not focus on the correct factors in the *Batson* hearing after remand from the Illinois Appellate Court.

2. "Whether or not there was reasonable evidence presented to allow the jury to consider U.S. Supreme CT. Rule 31(c), evidence of a lesser included offense?"

3. Post-conviction appellate counsel was ineffective in raising a challenge to the Illinois Truth-in-Sentencing Law instead of the issues Stokes raised in his pro se postconviction petition.

Petitioner seeks leave to amend his third ground by expanding on his argument that his postconviction appellate counsel was ineffective. Respondent objects to the proposed amendment because the claim of ineffective assistance of

1

postconviction counsel is not cognizable here.  See, Doc. 15.

28 U.S.C. §2242 provides that a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  Under Fed.R.Civ.P. 15(a)(2), at this stage, petitioner may amend only with the opposing party's consent or by leave of court; the court is to "freely give leave when justice so requires."  However, leave to amend may be denied where the proposed amendment would be futile.  *Gandhi v. Sitara Capital Management*, 721 F.3d 865, 868-869 (7th Cir. 2013).

The Court agrees that the proposed amendment would be futile because a claim of ineffective assistance by postconviction counsel cannot be the basis for habeas relief.

Petitioner's state postconviction petition was a collateral proceeding.  There is no constitutional right to effective assistance of counsel in collateral proceedings.  See, *Pennsylvania v. Finley*, 107 S. Ct. 1990, 1993 (1987).  28 U.S.C. §2254(i) provides that "The ineffectiveness or incompetence of counsel during Federal or State collateral proceedings shall not be a ground for relief in a proceeding arising under section 2254."  Therefore, amendment of the third

ground would be futile because the third ground cannot be the basis for habeas relief.

Petitioner's Motions to Amend (Docs. 13 & 14) are **DENIED**.

**IT IS SO ORDERED.**

**DATE:**          **October 14, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.10.14 09:24:02 -05'00'

**United States District Judge**