IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCELL STOKES

        Petitioner,

vs.                                           Civil No. 15-cv-00967-DRH-CJP

KIMBERLY BUTLER

        Respondent.

### MEMORANDUM and ORDER

Marcell Stokes (Petitioner), proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court. (Doc. 1). He challenges his 1998 conviction in Cook County, Illinois for first-degree murder and attempted armed robbery. *Id.* at 1. Petitioner contends he is entitled to habeas relief because the trial judge did not properly conduct a *Batson* hearing on remand; the jury should have been instructed to consider a lesser-included offense; and his post-conviction counsel was ineffective. *Id.* at p. 6. For the following reasons, Petitioner's writ of habeas corpus under § 2254 is denied.

### Background

The State of Illinois (the State) indicted and charged Petitioner with first-degree murder and attempted armed robbery in connection with a fatal shooting in September 1998. (Doc. 12, Ex. 1, p. 2).

Petitioner proceeded to a jury trial in March 2004. *Id.* During *voir dire*, the State used its peremptory challenges to strike the only two African American members of the venire. (Doc. 12, Ex. 2, p. 41). Petitioner orally objected, arguing

the strikes violated *Batson v. Kentucky*, 476 U.S. 79, 90 (1986). *Id.* The trial court denied the motion, finding Petitioner failed to make a *prima facie* showing of a *Batson* violation. *Id.*

The court later questioned potential juror Katherine Minogue, whose father was a police officer. *Id.* Ms. Minogue admitted she would give more weight to a police officer's testimony than to an ordinary citizen's testimony. *Id.* She further admitted "deep down inside [she would] be a little biased" in favor of law enforcement. *Id.* Another potential juror, David Street, stated his cousins were police officers and he would give more weight to an officer's testimony. *Id.* Mr. Street, however, said he would try to follow the law and judge the testimony equally. *Id.* Defense counsel attempted to ask Mr. Street follow-up questions but the prosecution objected to the questioning and the court sustained the objections. *Id.* at pp. 41-42. Petitioner's counsel motioned to strike Ms. Minogue and Mr. Street for cause, but the court denied the motions. *Id.* at p. 42. Counsel exercised his final peremptory challenge to exclude Ms. Minogue, and Mr. Street served on the jury. *Id.* The jury ultimately convicted Petitioner and the court sentenced him to thirty-five years' imprisonment. *Id.* at p. 44.

Petitioner filed a direct appeal in the Appellate Court of Illinois, arguing the State violated *Batson*; trial counsel was ineffective during jury-selection for failing to request an extra peremptory challenge and permitting Mr. Street to sit on the jury; and the prosecutor's closing argument denied Petitioner a fair and impartial trial under the Sixth Amendment. (Doc. 12, Ex. 1, p. 1). The appellate court

found Petitioner established a *prima facie* case under *Batson* and remanded the case for further proceedings consistent with its ruling. *Id.* at p. 21. The court declined to address Petitioner's remaining arguments. *Id.*

On remand, the trial court conducted a colloquy prior to the *Batson* hearing. (Doc. 12, Ex. 2, p. 44). Petitioner requested the court appoint him a different attorney, but the court refused. *Id.* at pp. 44-46. Petitioner told the judge, "That ain't my motherfucking attorney. Look, you going to give me a motherfucking attorney. You ain't about to make me go through no motherfucking attorney like that." *Id.* at p. 46. As the sheriff escorted Petitioner from the courtroom, Petitioner said, "Yo' bitch ass – fuck you, bitch. Yo' momma a ho. I should bite your punk ass. You stupid bitch." *Id.*

Petitioner returned to the courtroom later that day and apologized to the court. He stated he did not take his bipolar medication and was "really cranky." *Id.* Petitioner's counsel told the judge Petitioner seemed "to know what he [was] talking about." Petitioner cited *Batson*, so counselor believed he was "alert and all of that." *Id.* Counsel also opined Petitioner understood what was "going on." *Id.* at p. 47. The court proceeded to conduct the hearing and found no *Batson* violation. *Id.*

Petitioner appealed, arguing the trial court should have held a fitness hearing prior to the *Batson* hearing; trial counsel was ineffective for permitting Mr. Street to serve on the jury; the trial court erred when it limited defense counsel's examination of Mr. Street; the trial court improperly refused an

instruction on the credibility of police officers; and the prosecutor's closing argument violated Petitioner's Sixth Amendment right to a fair and impartial trial. *Id.* at pp. 40-41.

The appellate court held the trial court did not abuse its discretion when it failed to conduct a fitness hearing *sua sponte* prior to the *Batson* hearing, *id.* at p. 49; trial counsel was not ineffective for permitting Mr. Street to serve on the jury, *id.* at p. 50; and the trial court did not err in refusing a proffered jury instruction, *id.* at p. 52. The appellate court found the trial court did err when it denied counsel the opportunity to question Mr. Street regarding his potential bias. *Id.* at p. 51. However, the "overwhelming evidence against defendant" rendered the error harmless. *Id.* Similarly, the appellate court determined that the prosecution's remarks during closing arguments "could be considered improper," but, "given the evidence," the remark did not affect the verdict. *Id.* at p. 54. The appellate court affirmed Petitioner's conviction. *Id.* at p. 55.

Petitioner filed a petition for leave to appeal (PLA) to the Supreme Court of Illinois, arguing his trial counsel was ineffective for permitting Mr. Street to serve on the jury and the trial court erred by limiting counsel's questions to Mr. Street. (Doc. 12, Ex. 3, pp. 23-43). The Supreme Court of Illinois denied the petition. *Id.* at p. 63.

Petitioner then filed a State post-conviction petition, arguing the following:

(1) The trial court erred in giving a certain jury instruction; (2) he was not advised of his *Miranda* rights; (3) he was not given a prompt probable cause hearing before he was transferred to adult court; (4) failure to prove

guilty beyond a reasonable doubt; and, (5) ineffective assistance of appellate counsel. *Id.* at p. 110. The circuit court denied the petition, opining Petitioner's claims were "frivolous and patently without merit." *Id.* at p. 120. Petitioner appealed to the appellate court, arguing that his conviction should be vacated and he was entitled to a retrial or resentencing due to the unconstitutionality of the automatic transfer provision of the Juvenile Court Act (705 ILCS 405/5-130) and the truth-in-sentencing provisions of the Unified Code of Corrections (730 ILCS 5/3-6-3(a)(2)(i)). *Id.* at pp. 64-65. The appellate court affirmed the dismissal. *Id.*

Petitioner filed a PLA, asserting the same arguments regarding the transfer provision of the Juvenile Court Act and the truth-in-sentencing provisions of the Unified Code of Corrections. *Id.* at pp. 167-79. The Supreme Court of Illinois denied the PLA on April 29, 2015. *Id.* at 180.

Petitioner filed the instant petition under 28 U.S.C. § 2254 in August 2015. (Doc. 1).

## Analysis

28 U.S.C. § 2254 permits persons in custody pursuant to a state court judgment to bring a petition for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Petitioner, here, asserts three grounds for habeas relief: (1) the trial judge did not properly conduct a *Batson* hearing on remand; (2) the jury should have

been instructed to consider a lesser-included offense; and (3) his post-conviction counsel was ineffective.

### 1. *Non-Cognizable Claim*

Respondent first asserts the Court must dismiss Petitioner's claim for ineffective assistance of post-conviction counsel because it is not cognizable under § 2254. Pursuant to 28 U.S.C. § 2254(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Moreover, there is no constitutional right to post-conviction counsel. *Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000). Accordingly, the Court **DISMISSES** Petitioner's third claim (ineffective assistance of post-conviction counsel) **with prejudice** because it is not a basis for habeas relief.

### 2. *Procedural Default*

Respondent maintains Petitioner's remaining claims are procedurally defaulted. Before a federal court can entertain a petition brought under § 2254, principles of comity mandate a petitioner give the State a fair opportunity to address his constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under Illinois' two-tiered appeals process, a petitioner must present his claims to an intermediate appellate court and to the Illinois Supreme Court, or throughout State post-conviction proceedings. *Id.* at 843-46. Otherwise, his

claims are procedurally defaulted and he cannot later raise them in a § 2254 petition. *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013).

Here, Petitioner appealed the trial court's decision following the *Batson* hearing but did not set forth any of the arguments contained in the instant petition. He argued, in part, that the court should have conducted a fitness hearing *sua sponte* prior to the *Batson* hearing. Here, he asserts the trial court improperly applied *Batson* to his case. These arguments are not sufficiently similar to save Petitioner's claim from default. Petitioner did not challenge the *Batson* ruling in his PLA to the Supreme Court of Illinois; he argued his trial counsel was ineffective and the trial court abused its discretion during jury-selection.

Petitioner also failed to present his habeas claims throughout one full round of State post-conviction proceedings. Petitioner filed a petition in Illinois asserting five grounds for relief. Petitioner did not attack the *Batson* ruling, whatsoever, or make any argument regarding a lesser-included offense. Petitioner also filed an appeal from the circuit court's dismissal of his petition, followed by a PLA to the Supreme Court of Illinois. None of these filings contained the arguments at issue here either.

Petitioner has not fairly presented his arguments to the State and, therefore, his claims are procedurally defaulted. "Procedural default may be excused, however, if the petitioner can show both cause for and prejudice from the default, or can demonstrate that the district court's failure to consider the

claim would result in a fundamental miscarriage of justice." *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013).

### 3. *Cause and Prejudice*

Cause for default is generally established when a petitioner can demonstrate an "external impediment" prevented him from pursuing his claim. *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010). Meritorious ineffective assistance of counsel claims may serve as cause to excuse procedural default, "[b]ut those claims must themselves be preserved." *Richardson*, 745 F.3d at 272.

Here, Petitioner asserts his post-conviction counsel was ineffective. While this claim is not a basis for relief under § 2254, it may serve as cause to excuse default in narrow circumstances. *See Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017). Petitioner's case, however, does not fall within these narrow circumstances. Ineffective assistance of post-conviction counsel can serve "as cause to overcome the default of a single claim – ineffective assistance of trial counsel – in a single context – where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Id.* at 2062-63.

Petitioner does not allege ineffective assistance of trial counsel in his § 2254 petition. Furthermore, it is doubtful that ineffective assistance of post-conviction counsel constitutes cause to overcome default in Illinois because Illinois allows petitioners to raise ineffective assistance claims on direct appeal. See *O'Quinn v.*

*Atchison*, 2014 WL 1365455, at *5 (S.D. Ill. Apr. 7, 2014). Petitioner has therefore not demonstrated cause for and prejudice from the default.

### 4. *Miscarriage of Justice*

The Court may still reach the merits of Petitioner's claim if dismissing his petition would result in a fundamental miscarriage of justice. In *McQuiggin v. Perkins,* the United States Supreme Court held that "a credible showing of actual innocence" may overcome procedural default because the Court's refusal to consider the petition would result in a "fundamental miscarriage of justice." 569 U.S. 383, 392-94 (2013). A showing of actual innocence is "demanding" and "seldom met." *Id.* at 386.

A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The *Schlup* standard permits habeas review of untimely claims only in the "extraordinary case" where the petitioner has demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

Here, petitioner does not present any new evidence or otherwise make an argument under *McQuiggin*. As such, he cannot meet *McQuiggin's* fundamental miscarriage of justice standard.

### 5. *Certificate of Appealability ("COA")*

Pursuant to Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court should issue a certificate only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where the Court dismisses a petition on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The petitioner must establish both components for a COA to issue.

Here, it is clear that Petitioner's petition is procedurally defaulted and he has not advanced a credible claim of actual innocence within the meaning of *McQuiggin* and *Schlup*. No reasonable jurist would find the issue debatable. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Marcell Stokes' Petition for habeas relief under 28 U.S.C. § 2254 (Doc. 1) is **DENIED**.  The cause of action is **DISMISSED WITH PREJUDICE**.  The Clerk of Court shall enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.11
06:47:37 -06'00'

**United States District Judge**